878 F.2d 1447
 12 U.S.P.Q.2d 1239
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
INNOVAC TECHNOLOGY, INC., Plaintiff-Appellee,
v.
RYAN ENGINEERING, INC. and Robert Ryan, Defendants-Appellants.
 No. 89-1075.
 United States Court of Appeals, Federal Circuit.
 June 27, 1989.
 
 Before MARKEY, Chief Judge, and PAULINE NEWMAN and BISSELL, Circuit Judges.
 MARKEY, Chief Judge.
 
 DECISION
 
 1
 Ryan Engineering, Inc. (Ryan) and Robert Ryan appeal from a judgment of the United States District Court for the Western District of Washington, docket no. C86-532(D)WD, holding claims 1, 5, 10, 11, and 14 of United States Patent No. 4,517,099 ('099) infringed, imposing personal liability on Robert Ryan, and permanently enjoining further infringement. We affirm.
 
 OPINION
 
 2
 Ryan has failed to show reversible error in the district court's interpretation of the claims, or in its finding of infringement, or in its imposition of personal liability on Robert Ryan. The court's interpretation of claims 1 and 11 was not overly broad and the court correctly found each limitation of the claims, or a substantial equivalent, present in the Ryan device. The court's finding that Robert Ryan personally made and controlled all the major decisions and actions relating to the design, manufacture, and sale of the infringing device is not clearly erroneous, and that finding warrants the imposition of personal liability. See Orthokinetics, Inc. v. Safety Travel Chairs, Inc., 806 F.2d 1565, 1578-79, 1 USPQ2d 1081, 1090 (Fed.Cir.1986).
 
 
 3
 On these facts, we cannot say the district court abused its discretion in enjoining future infringement. See KSM Fastening Sys., Inc. v. H.A. Jones Co., 776 F.2d 1522, 1527, 227 USPQ 676, 679 (Fed.Cir.1985). The injunction reasonably describes the prohibited acts. See Fed.R.Civ.P. 65(d).